IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REGINALD MCGATHON,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER MATTOCKS, et al.,<br><br>  Defendants. | Case No.: C 14-0028 JSC (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at San Quentin State Prison.[1]  His application to proceed *in forma pauperis* is granted in a separate order.  For the reasons explained below, the complaint is dismissed without prejudice.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 4).

U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

At San Quentin, officials found Plaintiff guilty of violating prison rules by committing battery against another inmate. As a consequence, officials revoked 360 days of good time credits, placed him in isolated housing for ten months, transferred him to higher security housing, and removed him from his prison work assignment. Plaintiff alleges that a more

1  thorough investigation by prison officials would have shown that he was innocent.  He seeks
2  monetary damages.
3       The United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-
4  487 (1994), bars claims of unconstitutional disciplinary actions resulting in the deprivation of
5  time credits because such claims necessarily call into question the lawfulness of the plaintiff's
6  continuing confinement insofar as they implicate the duration of the plaintiff's sentence.
7  *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *see Edwards v. Balisok*, 520 U.S. 641,
8  645 (1997) (holding that *Heck* bars claim for using wrong procedures in disciplinary hearing
9  that resulted in loss of time credits if "nature of the challenge to the procedures [is] such as
10 necessarily to imply the invalidity of the" disciplinary decision).  Where a claim would, if
11 successful, "necessarily accelerate" the prisoner's release, *Heck* applies.  *Ramirez v. Galaza*,
12 334 F.3d 850, 858-59 (9th Cir. 2003).  Plaintiff claims that he is innocent of the battery and
13 that the disciplinary findings are incorrect.  If successful, this claim would necessarily
14 accelerate his release because it would invalidate the prison official's disciplinary action,
15 including the revocation of 360 days of his good time credits.  As a result, *Heck* bars his
16 claims for money damages based upon the allegedly unconstitutional disciplinary action until
17 such time as the discipline has been overturned or otherwise invalidated.  Plaintiff is not
18 precluded from challenging the disciplinary action in federal court in a federal habeas petition.
19 *See  Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (time credit claim that affects
20 duration of prisoner's custody, and a determination of which may likely result in entitlement
21 to earlier release, must be brought in habeas); *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011)
22 (habeas is "exclusive remedy" for prisoner who seeks "'immediate or speedier release'" from
23 confinement).  Accordingly, the claims will be dismissed without prejudice to Plaintiff
24 challenging the disciplinary action in a federal habeas petition after he has exhausted the claim
25 through the state courts, or to Plaintiff refiling his claims for damages in a new civil rights
26 action when the disciplinary action has been overturned or otherwise invalidated.
27 //
28

**CONCLUSION**

The complaint is DISMISSED without prejudice.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: February 4, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4