IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN REGINALD MCGATHON,<br><br>  Plaintiff,<br><br>  v.<br><br>OFFICER MATTOCKS, et al.,<br><br>  Defendants. | Case No.: C 14-0028 JSC (PR)<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT; VACATING DISMISSAL AND JUDGMENT; REOPENING CASE; DIRECTING MARSHAL TO SERVE DEFENDANTS; INSTRUCTIONS TO CLERK**<br><br>(Dkt. 8) |

Plaintiff, a California prisoner proceeding pro, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at San Quentin State Prison.[1] After reviewing the complaint pursuant to 28 U.S.C. § 1915A(a), the Court dismissed the case without prejudice for failure to state a cognizable claim for relief, and judgment was entered against Plaintiff. Plaintiff has filed a "motion for erroneous ruling of law" (Dkt. no. 8), which is construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 4).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b)

The complaint was dismissed because Plaintiff seeks money damages based on allegedly unconstitutional disciplinary action by prison officials that included the deprivation of time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997) (holding that *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), bars claim for using wrong procedures in disciplinary hearing that resulted in loss of time credits if "nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the" disciplinary decision);Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (explaining that under *Edwards,* a state prisoner cannot seek damages for unconstitutional deprivation of good time credits so long as the prisoner's success on the claim would imply the invalidity of the deprivation of the credits).  The dismissal was without prejudice to refiling his claims when the disciplinary action has been overturned or otherwise invalidated.  In the present motion, Plaintiff shows that he appealed the disciplinary decision to the Director of the California Department of Corrections and Rehabilitation, who overturned the disciplinary actions and restored Plaintiff's time credits.  Based upon this showing, Plaintiff's motion for relief from judgment (Dkt. no. 8) is GRANTED.  Plaintiff's claim that he is entitled to monetary damages because defendants' disciplinary actions violated his right to due process is, when liberally construed, cognizable.  The order of dismissal and judgment are VACATED, and the Clerk is directed to reopen the file.

In order to expedite the resolution of this case:

1.   The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint, and a copy of this order

on: Sergeant D. Petrovic, Warden Kevin R. Chappell, Lieutenant T. A. Lee, Associate Warden M. Foss, Captain P.I. Erickson, Officer R. Alvarez, and Lieutenant Arnold at San Quentin State Prison.

The Clerk shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office.

2. Defendants shall complete and file the Magistrate Judge jurisdiction consent form within **91 days** of the date this order is filed. If Defendants consent to a Magistrate Judge's jurisdiction, then:

a. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

b. No later than **91** days from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

c. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* notice must be given at the time motion for summary judgment filed).

d. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

e. Defendants **shall** file a reply brief no later than **14** days after the opposition is filed.

  f. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 14, 2014

               _____
               JACQUELINE SCOTT CORLEY
               UNITED STATES MAGISTRATE JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.